UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DANNY R. DESFOSSES,<br><br>              Plaintiff,<br><br>v.<br><br>NORIDIAN HEALTHCARE SOLUTIONS, LLC; and NORIDIAN ADMINISTRATIVE SERVICES, LLC; Delaware Entities,<br><br>              Defendants. | Case No. 4:14-CV-00244-CWD<br><br>**MEMORANDUM DECISION AND ORDER** |

# INTRODUCTION

Pending before the Court is Defendants' Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1). The matter is fully briefed and ripe for the Court's consideration. Having fully reviewed the record herein, the Court finds the facts and legal arguments are adequately represented in the briefs and record. In the interest of avoiding delay, and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, the motion will be decided on the record before the Court. Dist. Idaho L. Rule 7.1.

## FACTUAL AND PROCEDURAL BACKGROUND

Desfosses is a physical therapist practicing in Pocatello, Idaho. Since 1984, Desfosses has been authorized by Medicare to submit claims for reimbursement for providing physical therapy services. *See United States v. DesFosses*, 1:11-CR-00065-EJL, Dkt. 63, ¶ III(B).[1] In 2011, Desfosses was indicted for multiple counts of fraud in connection with a Medicare audit and claims. (*Id.*, Dkt. 1, 20.) In September of 2011, he pled guilty to one felony charge of alteration of a record. (*Id.*, Dkt. 63, ¶ I(A), 65.) As part of the plea agreement, Desfosses agreed that the elements of that crime included knowingly altering or falsifying a record with intent to impede or influence an investigation. (*Id.*, Dkt. 63 ¶ III(A).)

On July 18, 2012, the Office of Inspector General, on behalf of the Department of Health and Human Services, notified Desfosses that, as a result of his conviction, the Department was considering "excluding you from participation in any capacity in the Medicare, Medicaid, and all Federal health care programs as defined in section 1128B(f) of the Social Security Act (Act). Section 1128(b)(2) of the Act (42 U.S.C. 1320a-7(b)) authorizes the imposition of this exclusion, which will be in addition to any sanction an individual Federal or State agency may impose under its own authority." (Dkt. 23-2.) The letter further informed Desfosses he had 30 days from the date of the letter to submit any information he wanted the OIG to consider before making a final determination regarding the potential exclusion.

---

[1] The Court takes judicial notice of its own records. Fed. R. Evid. 201(b).

Desfosses submitted additional information regarding the program exclusion, which was received by the OIG on August 20, 2012. (Dkt. 23-3.) After further review, the OIG notified Desfosses on October 23, 2012, that it had determined "this action does not meet the statutory requirements for an exclusion under the authority of section 1128(b)(2) of the Act. Therefore, we have closed our case file and anticipate no further action on this matter at this time." (Dkt. 23-4.)

Separately, on February 9, 2012, Noridian, as the Medicare Administrative Contractor acting on behalf of Centers for Medicare and Medicaid (CMS), notified Desfosses, that his enrollment as a Medicare Part B provider was revoked due to his felony conviction and that he was barred from participating in the Medicare program for three years due to his conviction. Walseth Decl., Ex. A. The February 9, 2012 letter informed Desfosses that, if he was dissatisfied with the revocation of his Medicare provider number, he could request an appeal of the revocation. Desfosses did not appeal CMS's February 9, 2012 revocation decision.

On July 8, 2013, after receiving the October 23, 2012 OIG letter, Desfosses submitted an application to Noridian to enroll (or re-enroll) as a Medicare provider. (Dkt. 20-3.) Desfosses's enrollment application disclosed his felony conviction in 2011 and attached a copy of the October 23, 2012 OIG letter.

Noridian sent the application and OIG letter to CMS and asked for advice pursuant to CMS protocol. CMS directed Noridian to deny the application for enrollment under 42 C.F.R. § 424.535(a)(3) because of the felony conviction. On August 21, 2013, Noridian

issued a denial letter. (Dkt. 20-5.) The letter informed Desfosses he could request reconsideration from Noridian within 60 calendar days from the date of the letter.

On September 11, 2013, Desfosses timely submitted a request for reconsideration of the denial of his enrollment application. Desfosses contended he had been informed by the OIG that his conviction did not meet the statutory requirements for exclusion under section 1128(a) of the Social Security Act. Upon reconsideration, and pursuant to the Medicare provider enrollment regulations, Noridan denied Desfosses' enrollment application by letter dated November 6, 2013. Noridian mentioned the OIG letter as follows: "The decision not to put an exclusion on the provider by the Office of Inspector General does not affect the decision to deny enrollment for a felony by Medicare." The letter informed Desfosses that, if he was dissatisfied with the decision, he could appeal to an Administrative Law Judge, and set forth instructions for doing so.

Desfosses did not appeal CMS's decision to deny his 2013 application for enrollment. He filed his Complaint against Noridian in this Court on June 18, 2014. Noridian asserts the Complaint must be dismissed because Desfosses failed to exhaust his administrative remedies, resulting in lack of subject matter jurisdiction by the Court.

## DISCUSSION

1. **Motion to Dismiss Standard**

Federal Rule of Civil Procedure 12(b)(1) authorizes a motion to dismiss for lack of subject matter jurisdiction. When a motion is made pursuant to Rule 12(b)(1), the plaintiff has the burden of proving that the court has subject matter jurisdiction. *Tosco Corp. v. Cmtys. for a Better Env't*, 236 F.3d 495, 499 (9th Cir. 2001), *overruled on other*

**MEMORANDUM DECISION AND ORDER - 4**

grounds by *Hertz Corp. v. Friend*, 559 U.S. 77 (2010). A Rule 12(b)(1) jurisdictional attack may be either facial or factual. *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000).

The attack will be a "facial" one where the defendant attacks the sufficiency of the allegations supporting subject matter jurisdiction. *See Thornhill Publ'g Co., Inc. v. General Tel. & Elec. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979). In a facial attack, the complaint is challenged as failing to establish federal jurisdiction, even assuming all the allegations are true and construing the complaint in the light most favorable to plaintiff. *See Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004); *see also Love v. United States*, 915 F.2d 1242, 1245 (9th Cir.1988) (When considering a "facial" attack made pursuant to Rule 12(b)(1), courts consider the allegations of the complaint to be true and construe them in the light most favorable to the plaintiff.).

In contrast, in a factual attack, the challenger provides evidence that an alleged fact is false, resulting in a lack of subject matter jurisdiction. *Safe Air for Everyone*, 373 F.3d at 1039. A "factual" attack challenges "the existence of subject matter jurisdiction in fact." *Thornhill*, 594 at 733. Here, Noridian has raised a factual attack to subject matter jurisdiction by claiming Desfossses failed to exhaust his administrative remedies, and provided affidavits to establish that fact.

In these circumstances, the allegations in the complaint are not presumed to be true and "the district court is not restricted to the face of the pleadings, but may review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction." *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988). "Once the moving party has converted the motion to dismiss into a factual motion by

**MEMORANDUM DECISION AND ORDER - 5**

presenting affidavits or other evidence properly brought before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction." [2] *Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039 n. 2 (9th Cir. 2003).

When considering a factual attack on subject matter jurisdiction, "the district court is ordinarily free to hear evidence regarding jurisdiction and to rule on that issue prior to trial, resolving factual disputes where necessary." *Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir. 1983) (citing *Thornhill*, 594 F.2d at 733). "[N]o presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Thornhill*, 594 F.2d at 733 (quoting *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)).

Consistent with this authority, the Court has reviewed the declarations and exhibits filed with Defendants' Motion to Dismiss (Dkt. 20-2, 20-3), as well as the declaration of counsel included with Plaintiff's Response to Motion to Dismiss (Dkt. 23-1), in its consideration of Defendants' Motion to Dismiss pursuant to Rule 12(b)(1). As explained more fully below, the Court will grant Defendants' motion.

## 2. Jurisdiction

Title XVIII of the Social Security Act, 79 Stat. 291, as amended, 42 U.S.C. § 1395, *et seq.*, commonly known as the Medicare Act, establishes a federally subsidized health insurance program to be administered by the Secretary. The Medicare statute

---

[2]

incorporates provisions of the Social Security Act which provide for an administrative review process and exhaustion of that process. 42 U.S.C. § 1395ii. Section 1395ii references the review process under 42 U.S.C. § 405(h), which in turn provides that "[n]o findings of fact or decision of the [Secretary] shall be reviewed by any person, tribunal, or government agency except as herein provide. No action against the United States, the [Secretary], or any officer or employee thereof shall be brought under Section 1331 or 1346 of Title 28, United States Code, to recovery on any claim under this subchapter." 42 U.S.C. § 405(h).

Section 405(h) requires providers dissatisfied with Medicare decisions to proceed through the administrative review process. *Queen of Angels/Hollywood Presbyterian Medical Center v. Shalala*, 65 F.3d 1472, 1481 n.23 (9th Cir. 1995). Judicial review of claims arising under the Medicare Act is available only after the Secretary renders a "final decision" on the claim, in the same manner as is provided in 42 U.S.C. § 405(g) for old age and disability claims arising under Title II of the Social Security Act. 42 U.S.C. § 1395ff(b)(1)(C); *Heckler v. Ringer*, 466 U.S. 602, 605 (1984). That is, Desfosses must satisfy the presentment and exhaustion requirements under section 405(g) prior to seeking judicial relief. *Heckler*, 466 U.S. at 605.

Title 42 U.S.C. § 405(g) provides in part as follows:

Any individual, after any final decision of the Secretary made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Secretary may allow. Such action shall be brought in the district court of the United States for the judicial district in which the plaintiff resides, or has his principal place of business, or, if he does not

**MEMORANDUM DECISION AND ORDER - 7**

> reside or have his principal place of business within any such judicial district, in the United States District Court for the District of Columbia.... The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Secretary, with or without remanding the cause for a rehearing. The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive.... The judgment of the court shall be final except that it shall be subject to review in the same manner as a judgment in other civil actions.

The doctrine of administrative exhaustion generally prevents federal courts from entertaining actions based upon the Social Security Act when the claimant failed to exhaust his administrative remedies. The reason is that "exhaustion is generally required as a matter of preventing premature interference with agency processes, so that the agency may function efficiently and so that it may have an opportunity to correct its own errors, to afford the parties and the courts the benefit of its experience and expertise, and to compile a record which is adequate for judicial review." *Weinberger v. Salfi*, 422 U.S. 749, 765 (1976). Upon review, the Court is limited to reviewing the decision of the agency, and determining whether to affirm, modify, or remand the decision back to the agency. 28 U.S.C. § 405(g). Here, there has been no administrative proceeding before an ALJ; thus, the Court lacks jurisdiction to review.

Desfosses argues that the OIG letter constitutes a "complete review" from which he can appeal, and that further administrative proceedings are not required. Desfosses contends also that the OIG's letter regarding exclusion from the Medicare program constitutes "administrative res judicata," and that CMS and Noridian, as an agent of CMS, cannot ignore the OIG decision. However, Desfosses appears to confuse the "no exclusion" letter, which pertained to OIG's October 2012 decision regarding his current

**MEMORANDUM DECISION AND ORDER - 8**

ability to participate in and seek reimbursement from Medicare, with the wholly separate determination by CMS in August of 2013 that, after *CMS's* revocation decision in February of 2012, Desfosses could not thereafter enroll in the Medicare program.

The regulations pertaining to denial of enrollment are exclusively the province of CMS, not the OIG. 42 C.F.R. § 424.530(a) (providing reasons CMS may deny a provider's enrollment in the Medicare program). In other words, the decision not to exclude from participation when a provider is currently participating is a separate process overseen by a different decision-maker than the decisional process governing enrollment in the program.[3] CMS, not OIG, has the exclusive authority to determine upon enrollment whether a felony offense is detrimental to the best interests of the Medicare program. 42 C.F.R. § 424.530(a)(3). Here, CMS denied enrollment under 42 C.F.R. § 424.530(a)(3) in August of 2013, after CMS had revoked Desfosses's Medicare billing privileges in February 2012 under 42 C.F.R. 424.535(a)(3). Desfosses was fully informed how to appeal CMS's enrollment decision, and he chose not to. By failing to exhaust his administrative remedies with respect to CMS's decision to deny enrollment, this Court lacks jurisdiction.

Absent a full administrative hearing process, the Court lacks the ability to review this matter. The Court lacks any hearing testimony, evidence submitted to the agency, or agency decision to review. The Court therefore cannot exercise its limited statutory authority under 42 U.S.C. § 405(g), because it has no agency decision rendered by CMS

---

[3] Under 42 C.F.R. § 1001.1, the OIG has the ability to exclude a provider from participation in Medicare. This assumes the provider is currently a participating provider. In contrast, only CMS or its contractor may deny or revoke enrollment. 42 C.F.R. §§ 424.530, 424.535.

**MEMORANDUM DECISION AND ORDER - 9**

to affirm, modify, or remand. The OIG letter does not constitute such a decision, because it does not pertain to CMS's decision denying Desfosses' application for enrollment in the Medicare program.

For res judicata, or claim preclusion, to apply, there must have been a prior judicial proceeding that resulted in a final determination or judgment between the same parties, involving the same subject matter and the same claim. *Sadid v. Vailas*, 936 F.Supp. 2d 1207, 1218 (D. Idaho Mar. 28, 2013). *See also U.S. v. Liquidators of European Federal Credit Bank*, 630 F.3d 1139, 1152 n.8 (9th Cir. 2011) (for res judicata to apply, an "important point…is that the district court issued a final judgment…"). Desfosses applies the principles of res judicata incorrectly. There was neither a final judgment from a court nor a final judgment as a result of an administrative proceeding. Absent a final determination, the principles of claim preclusion do not apply.

To apply the principles of res judicata to an administrative proceeding, the administrative decision must also have resolved disputed issues of fact, the process must have given the parties an opportunity to litigate, and the agency must have acted in a judicial capacity. *Misischia v. Pirie*, 60 F.3d 626, 629 (9th Cir. 1995). Here, the OIG issued its letter without a hearing, without any administrative process, and there was no quasi-judicial act. The OIG letter is not entitled to any preclusive effect.

Because the Court finds it lacks jurisdiction, the Court finds it unnecessary and not appropriate to address Noridian's additional arguments raised in its reply brief that it is immune from suit and that CMS, not Noridian, is the real party in interest.

# CONCLUSION

For the reasons discussed above, the Court finds that Desfosses has not exhausted his administrative remedies. As a result, the Court will order that Noridian's Motion to Dismiss be granted without prejudice.

# ORDER

**NOW THEREFORE IT IS HEREBY ORDERED:**

1) Defendants' Motion to Dismiss (Dkt. 20) is **GRANTED** without prejudice.

Dated: **March 16, 2015**

Honorable Candy W. Dale
United States Magistrate Judge